**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4258**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ULISES AVILES-FLORES, a/k/a Olese,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (CR-03-31)

_____

Submitted:  November 2, 2005          Decided:  February 14, 2006

_____

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John G. Hackney, Jr., Charleston, West Virginia, for Appellant.
Thomas E. Johnston, United States Attorney, Thomas O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ulises Aviles-Flores appeals the sentence imposed by the district court following his guilty plea to a single count of aiding and abetting the distribution of 895.7 grams of methamphetamine, in violation of 18 U.S.C. § 2 (2000), and 21 U.S.C. § 841 (2000). Because our review of the record discloses no reversible error, we affirm.

Aviles-Flores first claims insufficient evidence supported the district court's factual finding that he possessed a dangerous weapon during the scope of his criminal conduct. Although the parties dispute whether Aviles-Flores partially waived this claim, our review of the record, including the testimony at the sentencing hearing, discloses that sufficient evidence supports the district court's finding. Moreover, because Aviles-Flores possessed a firearm, the district court did not err in declining to award Aviles-Flores the benefit of the safety valve provision. See U.S. Sentencing Guidelines Manual § 5C1.2(a)(2) (2002). Accordingly, we deny relief on these claims.

Aviles-Flores also asserts the district court's imposition of sentence violates his Sixth Amendment right to trial by a jury. See United States v. Booker, 125 S. Ct. 738 (2005). Because Aviles-Flores did not raise this issue in the district court, we review for plain error. See United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005). To establish plain error,

Aviles-Flores must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish that a Sixth Amendment error occurred in his sentencing, Aviles-Flores must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

Aviles-Flores pled guilty to Count 36 of the indictment, aiding and abetting the distribution of 895.7 grams of methamphetamine. This drug quantity supports a base offense level of thirty-two. See USSG § 2D1.1(c)(4) (for "at least 500 G but less than 1.5 KG of Methamphetamine"). When combined with Aviles-Flores' criminal history category, this base offense level corresponds to a sentencing range of 121 to 151 months. See USSG Ch. 5, Pt. A, table. Because Aviles-Flores' sentence of 135 months does not exceed the maximum authorized by the facts he admitted, no Sixth Amendment error occurred. Accordingly, we affirm Aviles-Flores' sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>